UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No. EP-15-CR-920-PRM |
| ERICK ALVAREZ, | * | |
| Defendant. | * | |

UNOPPOSED EXPEDITED MOTION TO MODIFY SUPERVISED RELEASE

TO THE HONORABLE DISTRICT JUDGE PHILIP R. MARTINEZ:

Plaintiff United States, by and through its undersigned counsel, hereby files this unopposed expedited motion to modify the Defendant's supervised release under FED. R. CRIM. P. 32.1(c) and 18 U.S.C. § 3583(e)(2). We would show the Court:

I.

In November 2015, the Defendant pleaded guilty without a plea agreement to both indictment counts, which charged receipt and distribution (Count 1) and possession (Count 2) of child pornography (Doc. 35, p. 3; Doc. 54, p. 1). Through its February 2016 Amended Judgment, this Court imposed a sentence that included a special condition of supervised release reading as follows: "The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision" (Doc. 54, p. 6). Pending before the Fifth Circuit in Case No. 16-50056 is the Defendant's direct criminal appeal, which challenges only the validity of the above-quoted condition. We seek to moot the Defendant's appeal through an order from this Court that removes the quoted language.

Even though a particular condition of supervised release is currently pending review by our Court of Appeals, the sentencing court retains jurisdiction to modify supervised release conditions at any time under the authority of 18 U.S.C. § 3583(e)(2) and FED. R. CRIM. P. 32.1(c) to insure compliance with legal requirements and, in the interest of judicial economy, to avoid the need for an appellate remand. *See United States v. Miller*, 343 Fed.Appx. 973 (5th Cir. 2009); *United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005). Through an order equivalent to the one attached hereto, we propose that the Court summarily remove the above-quoted language to comply with a recent Fifth Circuit ruling, thereby mooting the Defendant's appeal.

II.

In *United States v. Pitts*, No. 15-50850, 2016 WL 6832953, ___ Fed.Appx. ___ (5th Cir. Nov. 18, 2016), our Court of Appeals held on plain-error review that verbiage identical to that challenged by the Defendant in his current appeal constituted an impermissible delegation of judicial authority to a nonjudicial officer. Removal of the above-quoted language insures compliance with *Pitts* and moots the Defendant's pending direct appeal.

III.

Because the relief sought is favorable to and unopposed by the Defendant, does not extend the term of supervised release, and is urged by the government, the Court may modify the supervised release condition as herein proposed without holding a hearing. *See* FED. R. CRIM. P. 32.1(c)(2).[1] We request that the Court grant the instant motion expeditiously, as the modification sought should further judicial economy by mooting the entirety of the Defendant's appeal.

---

[1] By virtue of the same rule, because the modification proposed herein is favorable to the Defendant and the government does not object, this Court may *sua sponte* order it summarily, even if the Defendant lodged an objection.

IV.

Defendant's counsel and the probation office, whom the undersigned consulted, do not oppose this motion.

FOR THESE REASONS, we request that the Court enter the attached proposed order removing the above-quoted language.

                                       Respectfully submitted,

                                       RICHARD L. DURBIN, JR.
                                       United States Attorney

                                       /s/ MICHAEL R. HARDY
                                       Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on February 1, 2017, a true and correct copy of the foregoing pleading was served via email or otherwise upon the Defendant's current counsel, Assistant Federal Public Defender Judy Fulmer Madewell, who is not listed as a participant in the CM/ECF System for the above-captioned case.

                                       /s/ MICHAEL R. HARDY
                                       Assistant United States Attorney
                                       Pyramid Building, Sixth Floor
                                       601 N.W. Loop 410
                                       San Antonio, Texas   78216-5512
                                       (210) 384-7142; FAX:   (210) 384-7118

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No. EP-15-CR-920-PRM |
| ERICK ALVAREZ, | * | |
| Defendant. | * | |

<u>UNOPPOSED ORDER MODIFYING SUPERVISED RELEASE</u>

On this day came on to be considered the government's unopposed expedited motion to delete from the Amended Judgment (Doc. 54, p. 6) the following language appearing within special condition 2: "The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision." After due consideration and for reasons advanced in the motion, the Court finds that the motion should be, and it is in all things hereby, GRANTED.

The Clerk of the Court shall, for the above-captioned cause, generate a "Second Amended Judgment in a Criminal Case" that fully reflects the modification ordered herein, which Second Amended Judgment shall be filed with the records of this case and served upon the Defendant.

SO ORDERED on February _____ , 2017.

PHILIP R. MARTINEZ
United States District Judge